# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter C Goedecke, | No. CV-17-01555-PHX-JAT (ESW) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Lawrence Ende, et al., | |
| Defendants. | |

**TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE**:

This is a civil rights action filed pro se by state prisoner Walter C. Goedecke ("Plaintiff") pursuant to 42 U.S.C. § 1983. For the reasons discussed herein, the undersigned recommends that the Court dismiss Defendant Barnett without prejudice for failure to timely serve in accordance with Federal Rule of Civil Procedure 4(m).

## I. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

As the Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a two-

step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id*. at 513. Yet "no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court *may* consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added).

If a pro se prisoner proceeding *in forma pauperis* has provided to the U.S. Marshals Service (the "USMS") sufficient information to effectuate service on a defendant, the USMS' failure to effect service is "automatically good cause" to extend the service deadline. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). But where a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate. *Id*.

## II. DISCUSSION

Service as to Defendant Barnett was returned to the Court unexecuted. (Doc. 13). On January 22, 2018, the Court issued an Order requiring Plaintiff to show cause why Defendant Barnett should not be dismissed from this action without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m). (Doc. 18). The Court set February 6, 2018 as the deadline for Plaintiff's response. (*Id.*). As of the date of this Report and Recommendation, Plaintiff has not responded.

The Court has warned Plaintiff that the failure to timely serve Defendant Barnett may result in a dismissal. (Doc. 6 at 9). To reiterate, an incarcerated pro se plaintiff is responsible for furnishing the USMS with sufficient information to serve a defendant. *See Walker*, 14 F.3d at 1422. The undersigned recommends that the Court dismiss Defendant Beard from this action without prejudice for failure to timely effect service.

### III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court dismiss without prejudice Defendant Barnett from this action without prejudice for failure to timely effect service in accordance with Federal Rule of Civil Procedure 4(m).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 8th day of February, 2018.

_____
Eileen S. Willett
United States Magistrate Judge